Charles L. Guy, J.
Action to recover on an alleged sale of chemicals by plaintiff to defendant.
Appellant contends that the judgment is erroneous for the reason that the defendant is an infant and no guardian ad litem was appointed to protect his interests after service of the summons as prescribed in sections 426 and 471 of the Code of Civil Procedure. The question of infancy was not raised by the pleadings, but defendant testified in answer to a question put by his counsel that he was 20 years of age, and at the close of the case defendant’s counsel moved to dismiss not on the ground of infancy, but on the ground of lack of jurisdiction of the court over the defendant. The motion was properly denied. Defendant’s remedy was to move to vacate the summons, giving plaintiff an opportunity to meet the proof on which such motion was based.
Nor was it error to deny appellant’s motion to dismiss the complaint on the ground that at the time of the beginning of this suit another action was then pending in the Municipal Court for the same cause. Defendant conceded that the prior action was after the commencement of this suit discontinued on motion, and that concession warranted the court in proceeding with the trial of this action.
But error is presented by rulings of the trial court in respect to the existence of the plaintiff corporation at the time of the alleged sale. The complaint, verified April 2, 1918, alleges that the plaintiff “ is ” a corporation and that on or about February 26, 1918 the sale in question was made by plaintiff to defendant, and the answer denied the sale by plaintiff. In support of the alleged cause of action one Craven, president of the Keystone Chemical Supply Company, a concern having no connection with the plaintiff, testified that the order for the merchandise *773 was given to him by defendant, carrying on business under the name of U. S. Chemical Exchange, on or about February 15, 1918; and that in telephoning defendant Craven mentioned that the seller of the merchandise was the plaintiff, the Midland Trading Corporation. The confirmation of the order given by defendant is addressed to the Keystone Company; the check sent by defendant in payment of the goods was made to the Keystone Company, and Miss Levy, president of the plaintiff, indorsed the check in the name of the Keystone Company. Defendant stopped payment of the check for the reason, as he contends, that that company owed him several thousand dollars and after making it out he heard that its financial condition was impaired.
Plaintiff claimed that the invoice for the merchandise was made out in the name of the plaintiff, and defendant conceded that a few days before the transaction in suit he sold as broker a carload of merchandise for the Midland Trading Corporation, that being the name of the plaintiff corporation, and that he received the merchandise which is the subject of this action.
Defendant offered in evidence a certificate of incorporation of the Midland Trading Corporation dated March 14, 1918, nearly a month after the date of the alleged sale, and the paper -was excluded over defendant’s exception. This ruling was erroneous. The burden was on the plaintiff of proving the sale to the defendant as alleged. The complaint did not allege corporate existence at the date of the sale, but merely, as before stated, that plaintiff “ is ” a corporation. There is no evidence tending to show that plaintiff was either a de facto or a de jure corporation at the time of the sale (Stevens v. Episcopal Church History Co., 140 App. Div. 570; General Corporation Law, § 5), or that if the sale was made in the name of the Midland Trading Corporation, as claimed by plaintiff, the person or persons making the sale had assigned their interest to the plaintiff. Further, according to defendant’s theory, the sale was in fact made by the Keystone Company, and it would seem to be material in connection with defendant’s contention in that regard that the plaintiff corporation was not in existence when the sale was effected.
It follows that the judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Bijur and Delehanty, JJ., concur.
Judgment and order reversed, etc.