# CHARLESTON.

### LINN, ADMR. v. COLLINS *et als.*

Submitted January 25, 1916. Decided February 8, 1916.

1. LOST INSTRUMENTS—*Burden of Proof.*
   In a suit by an executor to collect a note, alleged to be payable to his testator, lost and unpaid, the burden is on him to prove its due execution, contents and loss. (p. 596).

2. SAME—*Proof of Loss—Sufficiency.*
   The due execution and contents of such note being clearly proven, the testimony of the executor that he searched for it among the papers of his testator's estate and was not able to find it, is sufficient proof of its loss. (p. 596).

3. SAME—*Negotiability—Presumption.*
   It not appearing whether the note was negotiable or not, the presumption is that it was not negotiable. (p. 596).

4. SAME—*Payment—Burden of Proof.*
   Where the maker of such note pleads payment, he bears the burden of proving it, as in other cases. (p. 596).

5. HUSBAND AND WIFE—*Conveyance by Wife—Joinder by Husband.*
   The deed of a married woman, signed and acknowledged by herself and husband, although the latter is not named as a grantor, evidences the husband's joinder in the deed and passes the wife's title to her separate real estate. (p. 596).

6. INFANTS—*Infant Defendant—Guardian Ad Litem—Failure to Appoint—Validity of Decree.*
   Failure to appoint a guardian ad litem for an infant defendant, who has been duly served with process, is reversible, but not juris-

dictional error, and renders the decree pronounced against such infant voidable but not absolutely void.   (p. 597).

7. JUDGEMENT—*Erroneous Decree—Collateral Attack.*
   An erroneous decree, not void for want of jurisdiction, is not subject to collateral impeachment.   (p. 597).

8. LIS PENDENS—*Property Purchased Pending Suit.*
   Where the purchaser of land from a party to a pending suit involving the title thereto, executes a mortgage or trust deed thereon, without warranty of title, and the title of his grantor is thereafter decreed in such suit to be void, such purchaser's title and the lien created by him fail also, whether he was a party to the suit or not. (p. 597).

9. MORTGAGES—*Property Covered—After-Acquired Title.*
   If the same land is later sold and confirmed by decree in such pending suit, to a bona fide purchaser, who receives a deed from a commissioner of count, he may then sell to, and invest good title in the person who previously purchased pending the suit, and if his purchase is made in good faith, he takes the land discharged of the lien which he theretofore attempted to create.   (p. 599).

10. FRAUDULENT CONVEYANCES—*Fraud of Creditors—What Constitutes—Pendente Lite Purchaser.*
    Such transaction does not, in the absence of other evidence, import fraud upon the creditors of such pendente lite purchaser.   (p. 599).

11. MORTGAGES—*Action—Personal Decree—Dismissal.*
    Where, in a suit to collect a debt secured by an alleged lien on land, the existence of the debt is established, but the lien is not, it is error to dismiss plaintiff's suit without a personal decree against the debtor.   (p. 600).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Ritchie County.

Suit by R. G. Linn, adminstrator, etc., against C. M. Collins and another.  From a decree for defendants, plaintiff appeals.
*Reversed and remanded.*

*Linn & Byrne* and *Claude L. Smith,* for appellant.

*Adams & Cooper* and *S. A. Powell,* for appellees.

WILLIAMS, PRESIDENT:

R. G. Linn, as administrator *de bonis non,* with the will annexed, of G. D. Camden, deceased, is prosecuting this suit in equity to collect the money claimed to be due on a lost

77 W. Va.

note, executed to his testator by Sarah E. Collins and C. M. Collins, her husband, and alleged to have been secured by trust deed upon certain lands, formerly owned by said Collinses, situate in Ritchie county. The circuit court dismissed his suit, and he has appealed.

A brief history of the origin of the debt, the manner in which it was secured, and of this proceeding is essential to a correct understanding of the matters in dispute and the questions presented for decision. In the year 1881 William Collins conveyed 262 acres of land to his wife Talitha, so long as she remained his widow, with remainder, upon her death or marriage, to his two sons Hiram W. and Draper C. Collins. William Collins died in February, 1882, intestate, leaving his widow and the two sons above-named. In December, 1886, J. T. Ellifritz brought a creditors suit against the administrator, widow and heirs at law of William Collins, deceased, for the purpose of annulling the aforesaid deed and subjecting the real estate to the payment of decedent's debts. The result was, that by decree made on 25th of October, 1889, the deed was declared to be fraudulent and was set aside as to the creditors. Seventy and one-half acres was assigned to the widow as dower, and the remainder of the tract, 177 acres, was decreed to be sold. The cause was twice referred to a commissioner, to ascertain the debts due by Collins' estate, and the final report, ascertaining the debts to amount to more than $1,800, was confirmed on October 30th, 1891. The 177 acres was sold on October 26th, 1892, to A. J. Hickman, one of the defendants to this suit, at the price of $1,050, and three days later the sale was confirmed. The remainder in the dower tract was also sold and confirmed to Creed Collins at the price of $500. It thus appears that all the lands of the estate did not bring enough to pay the debts. Priorities, if any, among the creditors do not appear. Although an infant at the time that suit was instituted, Hiram W. Collins was proceeded against, and duly served with process, as if he were an adult, and no guardian ad litem was appointed for him and no answer was filed for, or by him. He attained his majority on the 17th of November, 1887, and before the final decree was made annulling the conveyance to him by his father. On the 14th of March, 1889, pending the suit,

he conveyed his undivided half interest in the 262 acres to Sarah E. Collins; and she and her husband then, in December, 1890, executed to F. Y. Horner, trustee, a deed of trust upon said half interest, to secure a note executed by Sarah E. Collins as principal, and C. M. Collins, her husband, as surety, payable to Gideon D. Camden, on or before the 23rd of December, 1893, with interest, for the sum of $465.81. The consideration for the note was an assignment by said Camden to Sarah E. Collins of claims, which he held against the estate of William Collins, aggregating $727.87. On receiving those claims, Sarah E. Collins came into the suit by petition, as a creditor, and procured a decree against the estate. It does not appear what sum she realized.

On the 23rd of December, 1893, A. J. Hickman, purchaser of the 177 acres, sold to C. M. Collins, the balance thereof, at the price of $925, after deducting 30 acres, retained by him. Collins apparently not being able to raise the money to pay for it, Hickman, with his consent, sold 40½ acres to Fannie R. Wells, and applied the proceeds thereof on the purchase price due him. The money which Mrs. Collins derived from the estate was likewise applied. This left a balance due Hickman of $126.87, and, to secure its payment, he retained a vendor's lien in his deed to C. M. Collins. Collins failing to discharge the lien, Hickman brought a suit to enforce it, making Charles W. Lynch, who was then administrator of G. D. Camden, deceased, and F. Y. Horner, trustee, parties thereto. Pending that suit, Hickman was paid, and, on the 27th of February, 1895, a decree was made dismissing the suit as to him, and substituting Charles W. Lynch, administrator, as plaintiff, and allowing the suit to proceed in his name as administrator. He resigned as administrator, in 1896, and was succeeded by R. M. Ramsburg, who, at November Rules, 1900, filed his bill. Defendants demurred and answered in February, 1905; and the demurrers were overruled. At January Rules, 1912, appellant, who, in the meantime, had succeeded R. M. Ramsburg as administrator of G. D. Camden, deceased, filed an amended and supplemental bill, bringing in additional parties, discovered to be necessary parties after the cause had been referred to a commissioner to ascertain and report certain matters. Between the years 1900 and 1912 the

cause was twice dropped from the docket, and as often re-instated. The case was matured, and finally heard on the 27th of October, 1913, when the decree dismissing plaintiff's bill was entered. Such is a brief history of the case.

It is urged by counsel for appellees that the alleged loss of the note is not proven. Unless the execution, contents and loss of the note are established, appellant's suit must fail; and, in that event, his assignments of error are not controlling, and need not be considered.

The bill alleges loss of the note, that it can not be found and was never paid. C. M. Collins and his wife do not deny the previous existence of the note, but C. M. Collins does deny that he signed it, and they both aver that it was paid shortly after it was executed. The important matters to be established, in order to maintain a suit on a lost instrument, are its due execution and contents. Although not denied by Mrs. Collins, those matters are established as to both of the makers, by the recitals in the deed of trust, which is signed and acknowledged by both Collins and his wife. These important matters being clearly proven, the subsequent loss of the note may be established by slight evidence. That is not so vital a matter as its execution and contents, as the court has the power to protect the makers by requiring plaintiff to indemnify them, in case the note is negotiable and should subsequently turn up in the hands of an innocent holder. C. W. Lynch, who was first curator for the Camden estate, pending the contest about his will, and thereafter administrator with the will annexed, which office he held until the spring of 1896, testified that G. D. Camden died on the 21st or 22nd of April, 1891; that he came into possession of the books and papers belonging to his testator's estate; that he did not find the note among said papers and never saw it; and that he found no memorandum or statement among Camden's papers or on his books, showing payment of the note. Appellant's testimony is to the same effect. This, we think, is sufficient evidence to establish the loss of the note. It will not be presumed that it was negotiable, and the court will not presume that it was. *Yingling* v. *Kohlpass,* 18 Md. 148; *Pintard* v. *Tackington,* 10 Johns. 104; *Clark* v. *Hornbeck,* 17 N. J. Eq. 430; and *Bland* v. *Noland,* 12 Wend. 173, 27 Am. Dec. 126, and notes

by Freeman at page 129.  Plaintiff having proved the due execution, contents and loss of the note, the burden devolves upon the makers to prove payment.  The rule of evidence as to payment of a lost note is the same as in other cases.  Payment is an affirmative defense and the burden of proving it is on him who alleges it.  2 Jones on Evi., Secs. 178 and 179; 25 Cyc. 1625, and cases cited in Note 71.  This requirement has not been met by defendants; they have not even attempted to prove payment.  The excuse for not proving it is, that Camden's death disqualified Collins and his wife as witnesses.  If this is the only reason, it may be their misfortune.  But occasional hardships do not justify the courts in departing from the established rules of law.  The statute of limitation is pleaded but it clearly does not apply; the suit was brought in ample time.  Defendants' counsel also insist that the trust deed is void, because C. M. Collins is not named in it as a grantor.  A husband who joins his wife, simply to give effect to her grant of her separate estate, is not a grantor, for he has nothing to grant; and it has been held that his signature and acknowledgment to her deed, although he is not named in the body of it, evidences his joinder in the deed, and is a sufficient compliance with the statute.  *Morgan* v. *Snodgrass*, 49 W. Va. 387.

Coming now to appellant's assignments, he insists that the judicial sale to Hickman is absolutely void, in so far as it relates to the undivided half interest of Hiram W. Collins, because he was an infant when the suit to cancel his deed was brought, and no guardian ad litem was appointed for him.  Wherefore, he further contends that the deed made to Sarah E. Collins, after Hiram W. Collins attained his majority, passed good title; and enabled her and her husband to create a valid lien on the one-half interest in the land by executing the trust deed to F. Y. Horner, trustee for G. D. Camden.  On the other hand, counsel for appellees, although admitting it was reversible error to proceed against Hiram W. Collins without the appointment of, and answer by a guardian ad litem, insist that the error is not jurisdictional, and does not render the decree void, but only voidable, and, consequently, not subject to collateral impeachment, as attempted in this case.  That decree was not appealed from and never directly

assailed in any manner. The position of counsel for appellees on this point is undoubtedly correct. The court had jurisdiction of the subject matter and of all the parties to that suit; the infant defendant was before it by process duly served on him. The bill did not aver his majority, and there was nothing in the record bringing it to the court's attention. True, the effect of section 13 of chapter 125, Code 1913, is to dispense with service of process upon an infant, for whom a guardian ad litem has been appointed. *Ferrell* v. *Ferrell,* 53 W. Va. 515; and *Alexander* v. *Davis,* 42 W. Va. 465. That it is reversible error to proceed against an infant without the appointment of, and answer by a guardian ad litem for him, is also settled law. *Alexander* v. *Davis, supra;* and cases cited in 7 Encyc. Dig. 478. But this court has never decided that an infant may not be brought before the court by process, and, being thus in court, that the failure to appoint a guardian ad litem for him is error affecting jurisdiction and rendering void the court's judgment or decree against such infant. Jurisdiction of the person of an infant can be obtained as well by due service of process, as by the appointment of a guardian ad litem. Such was the common law method of obtaining jurisdiction of infants, as well as of adults. 22 Cyc. 673. Having thus obtained jurisdiction in this case, if the court's attention had been called to the fact of infancy, it would have been its duty to appoint a guardian ad litem. The failure to appoint such guardian was reversible error, but not such as showed want of jurisdiction in the court. It was error in procedure only. Former decisions on this point have been rendered in cases where the attack upon the erroneous judgment or decree was direct, and not collateral, as in this case, and hence, the exact question involved here does not appear to have been squarely presented for decision. But the opinions in none of our decisions, bearing on the question, appear to treat such error as jurisdictional. *Hull* v. *Hull's Heirs,* 26 W. Va. 1; *Eakin* v. *Hawkins,* 32 W. Va. 124; *Hays* v. *Camden,* 38 W. Va. 109; *Chapman* v. *Branch,* 72 W. Va. 54; and *Alexander* v. *Davis,* 42 W. Va. 465. While the statute dispenses with the necessity of serving an infant with process, for whom a guardian ad litem is appointed, it does not deprive the court of the power to obtain jurisdiction of the

person of an infant by the service of process, as at the common law.    Having thus secured jurisdiction of Hiram W. Collins, the failure to discover that he was an infant and appoint a guardian ad litem for him, is error in procedure only, and makes the decree voidable but not void.    Our conclusion harmonizes with the decision on this point in other jurisdictions.    26 Cyc. 641; and numerous cases cited in Note 87 at page 643.    *Manfull* v. *Graham,* 55 Neb. 645, 70 Am. St. Rep. 412; and notes at page 416.    It, therefore, follows that the decree can not be collaterally impeached in this suit.    For this universally recognized proposition we need cite no authorities.

Hiram W. Collins attempted to convey his interest in the land to Sarah E. Collins, who at that time, was herself a party to the suit.    She had previously filed her petition, as assignee of Gideon D. Camden, and had been made a party defendant. Being a pendente lite purchaser, whatever interest she acquired was defeated by the later judicial sale to Hickman.    For the same reason the title of F. Y. Horner, trustee for G. D. Camden, was defeated.    *Zane* v. *Fink,* 18 W. Va. 693; and *Gillespie* v. *Bailey,* 12 W. Va. 70.    Purchasers of land from parties to suits involving title thereto, or in which the land is sought to be subjected to recorded liens thereon, are affected with notice of the pendency of such suits.    They can acquire no greater rights than their respective vendors had, and are equally bound by the court's decree, whether they be parties to the suit or not.    *Wilfong* v. *Johnson,* 41 W. Va. 283; *O'Connor* v. *O'Connor,* 45 W. Va. 354; and *Shumate's Ex'or.* v. *Crockett,* 43 W. Va. 491.

Counsel for appellant also insist that the facts and circumstances disclosed by the records in the two suits first mentioned establish fraud and collusion on the part of A. J. Hickman, Sarah E. Collins and C. M. Collins, her husband, to defeat the claims of plaintiff's testator.    We do not think the evidence supports this charge.    By assigning his claims to Sarah E. Collins, G. D. Camden released his right against the estate of William Collins, deceased.    They attempted to secure that note by a trust deed upon land which Sarah E. Collins, no doubt, then thought she owned.    But her title, which she did not warrant, failed for reasons above stated.    There is

nothing to indicate any dishonest purpose in that transaction on the part of any party to it. The annullment of William Collins' deed defeated Hiram W. Collins' title, and, consequently, the title of those claiming under him, either mediately or remotely. Sarah E. Collins is not responsible for that result. The lands did not sell for enough to pay the debts of William Collins' estate. A. J. Hickman does not appear to have had any connection with the suit, until he purchased the 177 acres; and, so far as the record discloses, he purchased for a fair consideration. He acquired a good title to the land, and he could convey to his vendee as good title as was vested in himself. It does not appear that C. M. Collins was not a bona fide purchaser from him of a portion of the land. Hence, he took it discharged of the trust deed lien which he and his wife had attempted to create on an undivided interest in it, for the benefit of G. D. Camden, before the judicial sale to Hickman. The application of the money decreed to Sarah E. Collins against the estate, to the payment of the purchase price due to Hickman from her husband, is certainly not evidence of fraud upon the Camden estate. She had a right thus to assist her husband, and fraud on her part can not be implied from that act alone. Her husband later conveyed the land to her, and one or the other of them continued to own it for several years; and there was no apparent effort to conceal their ownership of it. They were both obligated on the note to Camden's estate, and, during that time, suit could have been brought against them, and a judgment enforced against the land. Their continued and visible ownership of the land for a number of years, is inconsistent with any fraudulent design to conceal it from their creditors.

Plaintiff was entitled to a personal decree against Sarah E. Collins, as principal debtor, and C. M. Collins as her surety, for the amount of the note and interest which had accrued thereon, and for this reason it was error to dismiss his bill. The decree will be reversed and the cause remanded with direction to enter such decree, and for further proceedings.

*Reversed and remanded.*