M. L. POLK, *et al.,* v. CHASE NATIONAL COMPANY, *et al.*

162 So. 521.

Division B.

Opinion Filed July 3, 1935.

*A. F. Cornelius* and *Edwin R. Dickenson,* for Appellants; *Carver & Langston,* for Appellee.

BUFORD, J.—The appeal is from an order denying a motion to set aside and vacate final decree and order confirming sale in a suit instituted and prosecuted to foreclose a State and County tax sale certificate.

The record shows that on January 18, 1932, appellee filed suit against the several appellants to foreclose two certain tax sale certificates. Amongst the defendants there were several minors and one insane person. A guardian *ad litem* was appointed to represent the minor defendants and the insane defendant. The guardian *ad litem* filed his answer under oath in behalf of the insane defendant and the minor defendants.

On September 30, 1932, the Judge of the Court rendered a decree *pro confesso* against all the defendants, but this decree was not recorded until after rendition of the final decree.

On May 13, 1933, after notice to the guardian *ad litem,* the Court appointed a Special Master to take the testimony. The testimony was taken. The record shows that the guardian for the insane and minor defendants was present and stated that he had no testimony to offer.

On May 15, 1933, the Court rendered its decree, there

being present, as shown by the final decree, the guardian *ad litem* for the insane and minor defendants.

Notice was given of sale. The property in question, being subject to large amounts of city taxes and in a run-down condition, was sold to one L. E. Seibert for $500.00. On June 10, 1933, the Court entered its order confirming the sale. On October 5, 1934, over a year after the entry of the order of confirmation, motion was filed to set aside the final decree and confirmation of sale. The complainants filed an answer to the motion.

It is not necessary to go into the allegations of either the motion or the answer.

The record shows that the Court had jurisdiction of the parties and the subject matter of the suit. The final decree and order of confirmation of sale appear valid on the face thereof. Therefore, neither the final decree, nor the order confirming the sale, was void.

The motion to vacate the decree is not sufficient to be considered either as a bill of review or as a bill in the nature of a bill of review. The final decree not being one which is void on the face of the record could be attacked only by appeal filed within six months after the date of the final decree or by a bill of review or a bill in the nature of a bill of review setting up such facts as would constitute a legal basis for such procedure.

Section 1, Chapter 10268, Acts of 1925, which was brought forward as Section 4911 C. G. L., provides:

"In any chancery suit now pending or hereafter instituted wherein an infant or a person whose name is unknown to the complainant, is a party defendant, the guardian *ad litem* for such infant or unknown defendant may answer on his or her behalf forthwith upon his appointment, and where such voluntary answer is filed, it shall not be nec-

essary to issue a summons to such guardian *ad litem;* and such guardian *ad litem* at any time after filing his answer on behalf of such infant or unknown defendant, and at the hearing of the testimony before the Court or Master may announce that such defendant has no further testimony to offer and waive the remainder of the time allowed by law for the taking of testimony, whereupon the testimony may be closed and the Master may forthwith file his report; and in any such suit such guardian *ad litem,* on behalf of an infant or unknown defendant, may waive the right of exception and the time allowed by law for the filing of exception to the Master's report, and the cause may proceed accordingly."

In McDaniel v. McElvy, 91 Fla. 770, 108 Sou. 835, the questions involved here, it appears to us, were definitely decided adversely to the contentions of the appellants. In that case, referring to the statute there under consideration, which was the statute authorizing suits to remove cloud from title, we said:

"The statute further provides:

" 'Such suits shall proceed as in other cases in equity, except when otherwise provided herein, and except also that if the bill be taken as confessed, a guardian *ad litem* shall not be appointed unless it shall affirmatively appear that the interests of minors, persons of unsound mind, or convicts are involved.'

"The validity of this provision is also questioned. Constructive or substituted process, valid and sufficient as to persons *sui juris,* applies to and is binding upon infants, persons *non compos mentis;* and persons under other legal disabilty, unless an exception be created in favor of the classes last mentioned. Bryan v. Kennett, 113 U. S. 179; 28 L. Ed. 908; Powell v. Baer (Ky.) 136 S. W. Rep. 629;

Levystein Bros. v. O'Bryan (Ala.), 17 South. Rep. 550; 30 L. R. A. 707. What has already been said as to power of the Legislature to prescribe the method of procedure and proof is again applicable here. Our statutes have so long required the appointment of a guardian *ad litem* in suits of this nature that the procedure has perhaps come to be regarded as essential in all cases. But the absence of such a requirement does not offend against the due process clause of the Constitution, and a guardian *ad litem* is not indispensable in a jurisdictional sense. The mere filing of a bill against an infant is sufficient to make him a ward of the Court. Where it appears that the interests of minors, resident or non-resident, are involved, a guardian *ad litem* should always be appointed to protect those interests. But the rendition of a decree without the appointment of guardian *ad litem,* even in a case where the interests of minors were in fact involved, would be an error in procedure only, usually rendering the decree subject to reversal on appeal, or amenable to a direct attack. Linn v. Collins, 87 S. E. Rep. 934; O'Hara v. McConnell, 93 U. S. 150; 23 L. Ed. 840; Conto v. Silvia, 49 N. E. Rep. 86. A decree so rendered would not be void, however, nor subject to collateral attack (Little v. Browning, 230 S. W. Rep. 92) but would remain in full force and effect until reversed on appeal, or set aside by direct proceedings, Linn v. Collins, *supra;* Levystein Bros. v. O'Hara, *supra;* Conway v. Clark (Ala.) 58 South. Rep. 441; Crouter v. Crouter, 133 N. Y. 55; 30 N. E. Rep. 726; Eubanks v. McLeod (Miss.) 69 South. Rep. 289; Galbraith v. Pennington, 170 S. E. Rep. 688; Trading Corporation v. Hechtkopt, 176 N. Y. Supp. 712; 31 C. J. 1121, *et seq.*"

In Wilds v. State, 79 Fla. 575, 84 Sou. 664, we held:

"But, it is also well settled that if the court has acquired jurisdiction of the subject matter and of the parties, the judgment or decree entered is binding, even though erroneous because of irregularity of procedure, and that such judgment or decree will not be set aside, reversed or modified except by appropriate direct procedure."

In this case the final decree and the order confirming the sale were each valid on the face thereof and had become absolute by the running of time. The court was without authority to vacate or set aside either on motion. Therefore, it follows that the orders appealed from should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.