ZARO v. STRAUSS et al.

No. 12166.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1948.

Herbert U. Feibelman, of Miami, Fla., for appellant.

H. H. Eyles and E. Paul Beatty, both of Miami, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is an appeal from an order of the court below setting aside, canceling, and annulling a judgment of the District Court, Southern District of Florida, entered on October 19, 1945, against Irma Strauss, defendant there, appellee here.

Irma Strauss, on October 15, 1943, in the Probate Court of Hamilton County, Ohio, was adjudged mentally ill or insane and committed to a State hospital in Cincinnati, Ohio. Her daughter, Mrs. Payne, was made liable for her support by the same court. Mrs. Strauss was the owner of an apartment house in Miami, Fla. Mrs. Payne registered the apartments with the OPA in Miami for rental, naming herself as landlord. One apartment was subsequently leased to Zaro, a citizen of New York, appellant here, through the agency of one Mc-

Mahon. In December, 1944, Zaro instituted suit in the federal court for treble damages for overcharge of rent against both Mrs. Strauss and McMahon.* Service of process was made only upon Mrs. Strauss who was at that time in Miami, having been permitted to leave the Ohio hospital in the custody of her daughter. A motion to dismiss having been filed on behalf of Mrs. Strauss, and denied, answer was filed by her attorney denying the material allegations of the complaint and setting up as a third defense the following:

"And for a special and further defense in this behalf this Defendant shows to the Court that on October 15, 1943 in the Probate Court of the County of Hamilton and State of Ohio in a matter entitled In the matter of Irma Strauss, mentally ill or insane, being case Number C-1495, the said cause came on further to be heard and the said Defendant, Irma Strauss, was adjudged to be mentally ill or insane and was committed to Longview State Hospital at Cincinnati, Ohio and that a committee or guardian was by the said Court appointed for her, and that said order is in effect to this date, and has never been revoked."

In June, 1945, an amended bill of complaint was filed by leave of court, predicated upon a stipulation signed by all attorneys granting leave to the plaintiff to file an amended bill of complaint and granting to the defendant twenty days after the entry of the order within which to file such pleadings thereto as they might be advised.

Counsel for Mrs. Strauss did not appear thereafter in the cause, and no further pleadings having been filed in accordance with the order of the court of June, 1945, a final judgment by default was taken by Zaro in October, 1945, for damages in the sum of $2,569.75 and costs. No notice of such proceeding was given either to Mrs. Strauss or to her attorney.

At the time the default judgment was taken, Mrs. Strauss was again confined in the Ohio State Hospital, and while she was permitted to leave in the custody of her daughter on December 15, 1945, it was not until 22 November 1946 that she was ad-

* Appeal by McMahon has been dismissed.

judicated competent by the Circuit Judge of Dade County, Fla. Meanwhile, execution had issued in behalf of Zaro under which certain real estate in Florida was being advertised for sale to satisfy the default judgment against Mrs. Strauss. On February 28, 1947, Mrs. Strauss filed a bill in the nature of a bill of review, attacking the validity of the judgment, and at the same time obtained an order restraining execution of the judgment. A motion to dismiss the bill was denied, and on July 31, 1947, the court below granted summary judgment in favor of Mrs. Strauss, on the ground that in the prior action for damages the court had never obtained jurisdiction of Mrs. Strauss,· the defendant. This appeal followed.

The sole question before us is, was the service upon Mrs. Strauss in the original action against her sufficient?

The record shows that service was made in accordance with § 47.13, Fla.Stat. Ann. by delivering a copy of the summons to Mrs. Strauss. At that time there was nothing to indicate that she had been previously adjudged insane. The fact that she had been adjudged insane by a probate court in Ohio appeared for the first time in her answer. When this was brought to the attention of the court, the question of jurisdiction at once arose. The allegation of adjudged insanity put the court upon inquiry as to the jurisdiction it had acquired through personal service upon the incompetent. That service was not an absolute nullity even conceding the fact set forth in the answer; it conferred upon the court jurisdiction to inquire into the fact. 44 C.J.S., Insane Persons, § 143. If, as the answer set up, defendant had been adjudged insane by a court of competent jurisdiction, no further step should have been taken without service upon her guardian if one had been appointed in Ohio and was present within the jurisdiction of the court in Florida; or, if the guardian was not in Florida or if no Ohio guardian had been appointed, upon a guardian ad litem thereupon appointed by the court in Florida. This was required under § 47.25, Fla.Stat.Ann. as a prerequisite to the acquisition by the court of general jurisdiction over the person of the defendant.

Even in the absence of an inquisition of insanity or of a commitment, where a person is incompetent courts generally have inherent power to protect the interests of the incompetent by appointing a guardian ad litem to represent the incompetent in proceedings, 44 C.J.S., Insane Persons, § 143, and this seems to be the Florida rule. Cf. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 835, 51 A.L.R. 731. Rule 17(c), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is in accord, requiring as it does that "the court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action * * *." We cannot accept appellant's view that Rule 17(c) does not apply since Mrs. Strauss was "otherwise represented." Whether or not 17(c) applies depends entirely upon whether or not Mrs. Strauss had been found insane, and that was the primary question for decision by the court in the original action.

In the light of the evidence taken in the hearing on the bill of review now before us, it appears certain that there was an adjudication of insanity by the probate court in Ohio. This being the case, the court in the original action acquired only limited jurisdiction of the defendant by the service of process upon her without service upon or appearance by her guardian if any and present in Florida, or, if none or absent, a guardian ad litem. Fla.Stat.Ann. § 47.25; Federal Rules of Civil Procedure, 17(c). We, therefore, hold that while the judgment rendered was not null as one rendered entirely without jurisdiction, it was voidable upon a showing such as has been made here that defendant had a meritorious defense and was not properly represented in the action. Quigley v. Cremin, Fla., 109 So. 312; Olivera v. Grace, 19 Cal.2d 570, 122 P. 2d 564, 140 A.L.R. 1328, and Annotation 1336, et seq.; 44 C.J.S., Insane Persons, § 151.

In addition, examination of the record shows that the original judgment was rendered upon confirmation of default, without notice to the defendant. Rule 55(b) (2), Federal Rules of Civil Procedure, provides:

" * * * but no judgment by default shall be entered against an infant or in-

competent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

Faced with defendant's answer which, in view of its allegation of incompetence, should have been allowed to stand as a defense to the amended as well as to the original complaint, the court had no power to order entry of a default judgment without notice to the defendant or her attorney. On this ground also the default judgment should have been set aside.

The judgment appealed from is affirmed.