95 So.2d 415 (1957)
Clarence J. SAVAGE, also known as C. Julian Savage, Ethel Savage and Robert N. Savage, Appellants,
v.
ROWELL DISTRIBUTING CORP., a Florida corporation, and Dixie Plywood Company of Miami, Inc., a Florida corporation, Appellees.
Supreme Court of Florida, En Banc.
May 15, 1957.
*416 Charles & Watson, Miami, for appellants.
Ray M. Earnest and A.M. Sandler, Miami, for appellees.
PER CURIAM.
The principal issue here is whether the lower court erred in refusing to vacate a final decree based upon a decree pro confesso entered against the defendant, Robert N. Savage, a minor, in the following circumstances:
A creditors' bill was filed by the plaintiff-appellees against the defendant-appellants, Clarence J. Savage, Ethel N. Savage, his wife, and Robert N. Savage, having for its purpose the setting aside of a deed, dated June 10, 1955, by which Clarence J. and Ethel N. Savage conveyed certain real property to Robert N. Savage, and alleging various facts as the basis for their claim that the June 1955 deed was a fraud against plaintiffs, who are judgment creditors of Clarence J. Savage. The prayer of the complaint was that the June 1955 deed be set aside as a fraud against Clarence J.'s creditors or, in the alternative, that title be declared to be held in trust by Robert N. Savage for the use and benefit of Clarence J., and thus subject to the demands of his creditors.
A motion to dismiss was filed on behalf of all three defendants without any suggestion as to the incompetency of Robert. The motion was denied and, in due course, a decree pro confesso was entered for failure of the defendants to file an answer. Final decree was entered on October 24, 1955, without notice to the defendants, setting aside the June 1955 deed.
On December 12, 1955, a motion to set aside the "default" and final decree was filed by Ethel N. Savage and Robert N. Savage, "a minor, by and through his mother Ethel N. Savage," alleging that the default was entered due to the mistake and misunderstanding of counsel and that the decree is contrary to the interests of the minor defendant. An answer was appended in which it was claimed that Robert is the true owner of the property for reasons set forth therein. The motion was denied after a hearing, and this appeal followed.
It is here contended that the trial court had no jurisdiction to enter a final decree against Robert, a minor, without first appointing a guardian ad litem to represent him and file such pleadings as would be necessary to protect his interests. Whether the Chancellor was aware of the incompetency of Robert at the time he entered final decree is not shown by the record. Certainly, there is nothing in the pleadings up *417 to that point to disclose his incompetency. Under one line of cases decided under the provisions of Sec. 47.23, Fla. Stat. 1955, F.S.A., prescribing the manner by which jurisdiction of minors may be obtained, it has been held that failure to appoint a guardian ad litem to represent an infant defendant is fatal to the jurisdiction of the court, so that a judgment or decree rendered against an infant in such circumstances is void. See Gissen v. Goodwill, Fla. 1954, 74 So.2d 86, and cases cited in support of the decision. Under another line of cases, it has been held that the failure to appoint a guardian ad litem to represent an infant defendant or other incompetent person is an error in procedure only, subject to reversal on appeal or amenable to a direct attack, but not void nor subject to collateral attack. See McDaniel v. McElvy, 1926, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731; Polk v. Chase Nat. Co., 1935, 120 Fla. 243, 162 So. 521; Quigley v. Cremin, Fla. 1926, 109 So. 312. See also Bronstein v. Roth, Fla. 1953, 64 So.2d 272, in which it was held that under section 744.12, Fla. Stat. 1955, F.S.A., providing for the appointment of a guardian ad litem to represent an incompetent defendant where such incompetent "has no guardian, or when his interest is adverse to that of his guardian," the trial judge's refusal to appoint a guardian ad litem for an infant defendant was not reversible error, since his mother, as his natural guardian, appeared and defended the suit and the mother's interest was not adverse to the minor's interest.
All of these decisions were, however, made under the law as it existed prior to the adoption of 30 F.S.A. Rule 1.17(b), Fla. Rules of Civ.Proc., which provides that
"Whenever an infant or incompetent person has a representative, such as a guardian, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."
It should also be noted that section 3 of Chapter 29737, Acts of 1955, F.S.A. § 25.47 (1), provides that "When a rule is promulgated and adopted by the supreme court concerning practice and procedure, and it conflicts with the statute, the rule supersedes the statutory provision."
Our Rule 1.17(b) is almost identical with Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and was patterned thereafter, so the decisions of the federal courts construing their rule are pertinent here. It is held by such courts that the appointment of a guardian ad litem to represent an incompetent defendant is not mandatory, so that the failure to appoint a guardian ad litem does not render the judgment void. See Till v. Hartford Accident & Indemnity Co., 10 Cir., 1941, 124 F.2d 405; Westcott v. U.S. Fidelity & Guaranty Co., 4 Cir., 158 F.2d 20; Zaro v. Strauss, 5 Cir., 1948, 167 F.2d 218.
The Zaro case is somewhat similar on its facts to the case at bar. There, a judgment by default was entered against an incompetent defendant without the appointment of a guardian ad litem, even though in an answer filed on her behalf by her counsel the defense of incompetency had been pleaded. A little over a year later, the defendant was adjudged competent and filed a bill in the nature of a bill of review to set aside the judgment against her. The court held that "while the judgment rendered was not null as one rendered entirely without jurisdiction, it was voidable upon a showing such as has been made here that defendant had a meritorious defense and was not properly represented in the action." It was also held that representation by counsel alone is not proper representation under the rule.
*418 We hold, therefore, under the authority of the above cited cases, that failure to appoint a guardian ad litem to represent an incompetent defendant does not render the judgment void; it is voidable merely, upon a showing that the incompetent defendant had a meritorious defense and was not properly represented in the action.
In the instant case, the infant defendant was not properly represented in the action and his proffered defense was not, on its face, entirely without merit. He exercised reasonable diligence in moving to set aside the decree pro confesso and final decree. In these circumstances, the lower court should have set aside the default and final decree, appointed a guardian ad litem to represent the infant defendant, and afforded to the infant defendant a full opportunity to prove his defense, if he could. Accordingly, insofar as the infant defendant is concerned, the final decree must be reversed.
As to the defendants, Ethel N. and Clarence J. Savage, it should be noted that the motion to set aside the final decree was not made within ten days after the entry of the final decree, as prescribed by 31 F.S.A. Rule 3.10, Fla. Rules of Civ.Proc., and that the "good cause" shown for setting aside the decree was that the default occurred "due to pure mistake and misunderstanding of counsel." The Chancellor exercised his discretion in favor of denying the motion, and no abuse of discretion has been made to appear.
The other question argued here by appellants has been considered and we find no error.
Affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent herewith.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.
ROBERTS and THORNAL, JJ., dissent.
HOBSON, J., not participating.
THORNAL, Justice (dissenting).
I do not differ with the rule of law announced by the opinion of the majority. However, I do not agree that the proffered defense tendered by the minor defendant reflected any merit whatsoever. In my judgment this record is literally saturated with fraudulent conduct of the principal defendants continuing and repeated from time to time over a period of years. This conduct permeated the position of all the defendants. I am unable to visualize the construction of a defense with merit founded on footings composed of nothing more substantial than fraud and misrepresentation.
I, therefore, respectfully dissent, and would affirm the Chancellor, whom I feel soundly exercised his discretion.
ROBERTS, J., concurs.