119 So.2d 712 (1960)
Dwayne BROWN, Appellant,
v.
Margie RIPLEY, Appellee.
No. B-247.
District Court of Appeal of Florida. First District.
April 7, 1960.
Rehearing Denied May 9, 1960.
*713 Scruggs, Carmichael & Avera, Gainsville, for appellant.
William O. Clifton, Trenton, for appellee.
*714 LEWIS, E. CLAY, Jr., Associate Judge.
Defendant in a bastardy proceeding has appealed from a final decree adjudging him to be the natural father of a male child born of the plaintiff, and ordering that he pay certain specified amounts for medical expenses, support for the child, attorney's fees and court costs.
Appellant contends that the decree is void and should be reversed for the reason that the chancellor failed to appoint a guardian ad litem to represent the minor defendant in this proceeding.
Our attention is invited to F.S. Section 47.23, F.S.A., which provides that jurisdiction over minors to a proceeding may be had only when the subpoena or summons is properly served on the minor and his guardian or other persons in whose care and custody the minor may be, and by further serving the writ or summons upon a guardian ad litem thereafter appointed by the court.
Prior to the adoption of our present rules of civil procedure, it was held by our Supreme Court that the failure of a trial judge to appoint a guardian ad litem to represent a minor defendant was fatal to the court's jurisdiction, and any judgment or decree rendered against an infant in such circumstances was void. Gissen v. Goodwill, Fla. 1954, 74 So.2d 86. Under another line of decisions rendered by the Supreme Court prior to the present rules of civil procedure it was held that the failure to appoint a guardian ad litem to represent an infant defendant was an error in procedure only, subject to reversal on appeal or amenable to direct attack, but such error did not render the judgment void or subject to collateral attack. Polk v. Chase National Co., 120 Fla. 243, 162 So. 521; Quigley v. Cremin, 94 Fla. 104, 113 So. 892; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731. The latter authorities are in harmony with our disposition of this appeal.
The statute with respect to the requirement that a guardian ad litem be appointed in every case to represent the interest of a minor defendant has now been superseded by rule 1.17(b), Florida Rules of Civil Procedure, 30 F.S.A., which provides that:
"Whenever an infant or incompetent person has a representative, such as a guardian, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."
Section 25.371 provides that when a rule is adopted by the Supreme Court concerning practice and procedure and such rule conflicts with a statute, the rule supersedes the statutory provision.
The above quoted rule was interpreted by the Supreme Court in Savage v. Rowell Distributing Corp., Fla. 1957, 95 So.2d 415. It was there held that this rule was patterned after and is almost identical with rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the decisions of the federal courts construing their rule are pertinent. Our Supreme Court agreed with the federal court's interpretation of this rule to mean that the appointment of a guardian ad litem to represent an incompetent defendant is not mandatory, and the failure to make such appointment does not render the judgment void. Zaro v. Strauss, 5 Cir., 1948, 167 F.2d 218; Westcott v. United States Fidelity & Guaranty Co., 4 Cir., 1946, 158 F.2d 20; Till v. Hartford Accident & Indemnity Co., 10 Cir., 1941, 124 F.2d 405.
*715 However, in the recently decided case of Roberts v. Ohio Casualty Insurance Co., 1958, 256 F.2d 35, 39, the Circuit Court of Appeal of the Fifth Circuit reversed a judgment rendered against minor defendants in a proceeding where a guardian ad litem had not been appointed to represent their interests. An answer and counterclaim filed on behalf of the minors through an attorney representing them and another were dismissed on motion, and summary judgment rendered against them. In commenting on the federal rule the court said that: "Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." But there is nothing in that decision indicating the trial court is relieved from taking affirmative action in accordance with the mandatory provisions of the rule whereby, if the infant or incompetent is not represented by a duly appointed representative or by a next friend or guardian ad litem, the court "shall appoint a guardian ad litem" or "shall make such other order as it deems proper for the protection of the infant or incompetent person."
In the case before us the record fails to reveal any motion or suggestion for the appointment of a guardian ad litem nor does it contain any order directly passing upon the question here presented. Ordinarily questions of procedure will not be considered by an appellate court if raised for the first time on appeal. Lee County Oil Co. v. Marshall, Fla.App. 1957, 98 So.2d 510; Mariani v. Schleman, Fla. 1957, 94 So.2d 829. Furthermore, the failure to appoint a guardian ad litem was not assigned as error on appeal, but is first injected into the case by way of appellant's brief. Alleged error not fundamental in character will not be considered on appeal unless properly assigned. Bowden v. Carter, Fla. 1953, 65 So.2d 871. However, we do consider the error here involved to be fundamental in character, infecting the validity of the judgment and rendering it voidable, and therefore do not hesitate to review it and take appropriate action.
From the record before us it affirmatively appears that the complaint alleged and the answer admitted that defendant was nineteen years of age. The answer, filed in the name of a minor defendant only, is sufficient in law to constitute a complete defense to the cause of action alleged in the complaint. The defendant and his father as natural guardian were properly served with process as required by statute. While it appears that the defendant's father was present during at least part of the proceedings, this fact does not remotely satisfy the rule. The minor was represented by able trial counsel who called to the witness stand nine witnesses whose testimony was adduced in support of the defense set up in the answer. Extensive testimony was taken during which paintiff's witnesses were vigorously and ably cross-examined. The testimony reveals that the minor defendant was not an immature school child, but was living away from home in pursuit of full-time employment at a salary of $150 a month in addition to his room and board. He was a habitue of poolrooms, "juke" halls and other places normally frequented by adults. These factors are irrelevant to and do not excuse compliance with the rule.
There is no indication in the record that the failure of the trial court to appoint a guardian ad litem to represent the minor defendant resulted in any prejudice to his rights, or in a miscarriage of justice. There is no contention by appellant that had a guardian ad litem been appointed, any defenses otherwise available would have been urged, or any proof different from that presented would have been adduced in support thereof. From the record it affirmatively appears that defendant was sufficiently mature to capably assist in the formulation, preparation and presentation of his defense on trial before the court. These factors are likewise impertinent to the inquiry concerning the rule.
*716 From the foregoing it is seen: that the trial court was never confronted with the question of whether a guardian ad litem should be appointed or an order entered as contemplated by F.R.C.P. 1.17(b); that the record of the trial does not indicate that the infant suffered any detriment by reason of the failure to do so; that such failure is not assigned as error on this appeal, being first presented by appellant's brief; that there is no post-decretal showing of injury resulting from failure to comply with the rule. Notwithstanding this posture of the case, we think the fundamental requirements of the law were not complied with and that the judgment should be vacated, without regard to any likelihood of a similar result on a new trial.
The interpretation and application placed on the parallel federal rule in Roberts v. Ohio Casualty Insurance Co., 5 Cir., 1958, 256 F.2d 35, 39, accords with the fundamental purpose of our rule and should be followed in our courts:
"Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. Westcott v. United States Fidelity & Guaranty Co., 4 Cir., 1946, 158 F.2d 20. But the rule does not mean that a trial judge may ignore or overlook such a fundamental requirement for the protection of infants. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian. In Till v. Hartford Accident & Indemnity Co., 10 Cir., 1941, 124 F.2d 405, the Court found that a guardian ad litem was not necessary only because the infant was represented through a next friend, the alter ego of a guardian ad litem. In Zaro v. Strauss, 5 Cir., 1948, 167 F.2d 218, this Court held that an attorney's representation of an incompetent was insufficient to satisfy the requirements of Rule 17(c)." (Emphasis supplied.)
In the cited case, as here, the infant was represented by counsel and apparently no thought was given to the rule by the court or counsel for the infant during the trial. However, in that case the court pertinently observed:
"We believe that the discretion lodged in the trial judge in Rule 17(c) was not intended to apply to such a situation. The orderly administration of justice and the procedural protection of minors requires the trial judge to give due consideration to the propriety of an infant's representation by a guardian ad litem before he may dispense with the necessity of appointing the guardian."
Appellant's counsel admitted on oral argument that he was not aware of the rule until he became engaged in the preparation of appellant's brief. In response counsel for appellee stated that during the course of the trial he was cognizant of the rule but felt the defendant minor was properly protected under all the circumstances and so did not bring the rule to the attention of the trial court. That extra-judicial determination of appellee's counsel is repugnant to the objective of the rule, and his failure to present the subject to the trial court only compounds the error.
As we have said, the erstwhile presence of appellant's father in the courtroom during part of the proceedings does not satisfy the rule. Considering the intricacies of the law, there would be more logic in holding that representation by able counsel is sufficient.
*717 Independent of statute or rule a court of chancery has inherent jurisdiction and right to control and protect infants and their property, and enjoys a broad discretion in making orders protecting their welfare. Though the courts should be careful not to disturb rights which have once been properly settled, they must exert the utmost vigilance to see that the rights of so unprotected a class as that of infants are not infringed on or destroyed. The court itself is, in legal contemplation, the infant's guardian. And the legal guardian of a minor is regarded as the agent of the court and of the state in the discharge of his duty as such.
Former Section 47.23, Florida Statutes, F.S.A., which made the appointment of a guardian ad litem to represent minor defendants mandatory, having been superseded by rule 1.17(b), F.R.C.P., we apply the rule that a rule of procedure modifying substantive statutory law is to be strictly construed against any expansion thereof. Failure to follow the rule of procedure here involved is as restrictive upon the power of the trial court to render a decree as where jurisdiction is lacking. When it became known to the trial judge that the defendant in this case was a minor, it was his duty to either appoint a guardian ad litem for him or to file in the case an order as contemplated by the rule. Affirmative action is necessary to satisfy the rule.
We have alluded to some of the evidence in this case for the sole purpose of presenting the factual background upon which the appellee relies in support of the proposition that no material error resulted from the failure to appoint a guardian or enter an order protecting the interest of the minor as indicated to be necessary by the plain provisions of the rule. In view of our disposition of this appeal, that evidence will have no force or effect unless, upon compliance with our disposition, it is adopted by the parties for use by the trial court in further proceedings in this cause.
The judgment appealed is vacated and this cause is remanded with directions to proceed in accordance with the views expressed.
STURGIS, J., concurs.
WIGGINTON, Chief Judge, dissents.