255 So.2d 294 (1971)
Gwendolyn Anne SMITH, Appellant,
v.
Billie Ray LANGFORD, Appellee.
No. P-113.
District Court of Appeal of Florida, First District.
December 9, 1971.
*295 Scruggs, Carmichael, Tomlinson, Roscow & Pridgeon, Gainesville, for appellant.
Bates & Brown, Gainesville, for appellee.
WIGGINTON, Judge.
Plaintiff seeks appellate review of a final judgment dismissing her complaint without prejudice. The judgment recites as ground for the dismissal a lack of jurisdiction by the court over the parties to the cause, both plaintiff and defendant.
The complaint filed by appellant pursuant to the provisions of F.S. chapter 742, F.S.A., seeks a judicial determination that defendant is the father of her unborn child. The complaint contains no allegations concerning the age of plaintiff or her legal capacity to bring and maintain this action. By his motion to dismiss, appellee challenged the jurisdiction of the court over the person of the plaintiff by alleging that she was a minor and had failed to bring this suit by her guardian or next friend as required by law.
*296 At the commencement of the hearing on appellee's motion to dismiss the complaint, appellant's attorney made an ore tenus motion to the court for an order permitting her to amend her complaint by adding as a party plaintiff her mother, Mary Elizabeth Smith, as next friend. It was the purpose of such proposed amendment to recast the pleadings so as to bring the suit in the name of plaintiff by her mother as next friend. The court took plaintiff's motion under advisement and proceeded to hear argument on the merits of appellee's motion to dismiss. Without ruling on plaintiff's motion to amend her complaint, the court entered the final judgment of dismissal now before us for review. The judgment contains the following recital as the ground on which it is based, to wit:
"... it is the opinion of the Court that the minor Plaintiff, lacking capacity to sue in her own name, must comply with Rule 1.210(b), Florida RCP, and in failing to comply therewith has given the Court no jurisdiction over the parties hereto; and that Defendant's Motion to Dismiss should therefore be granted... ."
It is apparent that the trial court concluded it had no jurisdiction over the parties to this action because plaintiff had not brought this action in her name by her next friend or guardian as required by Rule 1.210(b), Rules of Civil Procedure, 30 F.S.A., which is as follows:
"Infants or Incompetent Persons. When an infant or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."
It is our view that the foregoing provision of our rule of practice is procedural only and does not constitute a jurisdictional bar to an action brought by or against a minor in his individual capacity. The rule clearly provides that if an infant plaintiff does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The rule further provides that if it should appear to the court that a party to an action is an infant and not otherwise represented, the court shall appoint a guardian ad litem for such infant or shall make such other order as it deems proper for the protection of the infant. The rule confers upon the trial court the discretion to make such provision for the protection of the infant's interest in the litigation as may appear proper and necessary, but it does not divest the court of jurisdiction over the person of the infant merely because he brings the suit as plaintiff or is sued as a defendant in an individual capacity and not by a guardian or next friend.
The procedural as distinguished from the jurisdictional character of Rule 1.210(b), R.C.P., was recognized by this court in the case of Brown v. Ripley[1] in which we said:
"... Under another line of decisions rendered by the Supreme Court prior to the present rules of civil procedure it was held that the failure to appoint a guardian ad litem to represent an infant defendant was an error in procedure only, subject to reversal on appeal or amenable to direct attack, but such error did not render the judgment void or subject to collateral attack. Polk v. Chase National Co., 120 Fla. 243, 162 So. 521; Quigley v. Cremin, 94 Fla. 104, 113 So. 892; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731. The latter authorities are in harmony with our disposition of this appeal."
*297 In directing what action the trial court should take when it is made to appear that one of the parties to the cause is an infant and is not represented in the case by a guardian or next friend, this court said:
"... When it became known to the trial judge that the defendant in this case was a minor, it was his duty to either appoint a guardian ad litem for him or to file in the case an order as contemplated by the rule. Affirmative action is necessary to satisfy the rule."
Because of the trial court's failure to appoint a legal representative of the minor defendant involved in Brown, supra, the judgment against the minor was set aside and the cause remanded for further proceedings and the appointment of a guardian ad litem to represent the minor.
The position taken by this court in Brown, supra, represents the majority view in this country which treats the failure of an infant to bring his action by his guardian or next friend as required by law to be merely a procedural defect subject to amendment and not a jurisdictional defect fatal to the action itself. As stated by the author of American Jurisprudence, the rule generally recognized is as follows:
"The bringing of an action by an infant without representation by a legally authorized person is an irregularity which may be cured by the subsequent appointment of a next friend or guardian ad litem to prosecute the action and by amending the pleading accordingly... ."[2]
In Canterbury v. Pennsylvania R. Co.[3] a minor instituted an action in his own name, and no attack was made upon his capacity to sue before the filing of an answer by defendant on the merits of the claim. The trial court was held to have committed error when it refused to permit the infant plaintiff to amend his petition by inserting the name of a next friend and to allow the next friend to verify and refile the petition as amended.
Rule 1.210(b), R.C.P., is adopted verbatim from Rule 17(c), Federal Rules of Procedure. The decisions of the federal courts construing the counterpart rule relating to suits by and against infants are pertinent. In discussing the federal rule, Kooman in his work on Federal Civil Practice says:
"As Rule 17(c) provides `if an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem.' Thus, if a minor has a cause of action which he wishes to assert, but does not have a validly appointed and qualified general guardian, the Federal court in which the suit is brought may appoint a guardian ad litem or next friend to represent him in prosecuting the action."[4]
Kooman's discussion of Federal Rule 17 (c) makes it clear that even though a suit may be brought by or against an infant in his individual capacity, it is not necessary in all cases that a guardian ad litem or next friend be appointed to represent him in the action. When the minority of a party is brought to the court's attention, it is essential that the court at that point consider whether an appointment of a legal representative for the infant should be made. If, however, the court is of the opinion that the interest of the minor will be fully protected throughout the action and in its final disposition without the necessity of appointing a legal representative to act for the minor, *298 then the appointment of such a representative may be dispensed with.
In Bengston v. Travelers Indemnity Company[5] the United States District Court for the Western District of Louisiana considered and discussed the procedural nature of Federal Rule 17(c). In commenting upon the discretionary as distinguished from the mandatory requirement of the rule which authorizes the appointment of a legal representative for a minor party to an action, the court said:
"... If, however, a minor having a cause of action which he wishes to assert does not have a validly appointed and qualified general guardian (tutor), the federal court in which the suit is brought may appoint a guardian ad litem or next friend to represent him in prosecuting the action."
In the case sub judice the trial court erred when it held that it was without jurisdiction to proceed further in this case after it had been made to appear by defendant's motion to dismiss that plaintiff was a minor and not represented in the action by a guardian or next friend. Upon such showing, the trial court should have considered whether, in view of the nature of this action and the circumstances of the case, it was necessary for the suit to be brought and maintained by a guardian ad litem or next friend for the use and benefit of the minor plaintiff; if so, it should then have proceeded to appoint a guardian ad litem for plaintiff or permitted plaintiff to amend her complaint by bringing the action in her name by her mother as next friend.
The judgment of dismissal appealed herein is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
SPECTOR, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Brown v. Ripley, (Fla.App. 1960) 119 So.2d 712, 714, 717.
[2] 42 Am.Jur.2d 156, Infants, § 166; see also 43 C.J.S. Infants § 108, p. 281.
[3] Canterbury v. Pennsylvania R. Co., 158 Ohio St. 68, 48 Ohio Ops. 34, 107 N.E.2d 115.
[4] Kooman, Federal Civil Practice 385, Volume 2 (1970 Ed.).
[5] Bengston v. Travelers Indemnity Co., (W.D.La. 1955) 132 F. Supp. 512, 517, aff'd 231 F.2d 263 (5th Cir.1956).