PER CURIAM.
In these proceedings consolidated by the court on its own motion, the appellant, Curtis Melvin Hayden, a minor, seeks to overturn a circuit court paternity judgment and subsequent order and sentence for contempt on the grounds that the trial court failed to comply with the provisions of Fla.R.Civ.P. 1.210(b) pertaining to the appointment of a guardian ad litem. Oral argument was heard in the habeas corpus proceedings and has been dispensed with in the appeal proceedings, upon the court’s conclusion that the interests of justice warrant the prompt and consolidated disposition of these proceedings.
*539 While agreeing that the trial court failed to comply with the provisions of Rule 1.210(b), appellee contends that appellant is precluded from attacking the subsequent judgment and order of contempt. We disagree. Brown v. Ripley, 119 So.2d 712 (Fla. 1st D.C.A. 1960). In addition the parties have informed the court that another paternity action has been filed in the trial court against the appellant, who has now reached his majority, arising out of the same circumstances that are the subject of the proceedings now before this court. Upon the record before the court we find that because of the failure of the trial court to comply with the provisions of Rule 1.210(b), the final judgment was subject to being set aside upon subsequent application by the minor. Brown v. Ripley, supra. That being so, the appellant’s application for writ of habeas corpus, filed when he was incarcerated for being in contempt of the final judgment, should have been granted.
Accordingly, the petition for writ of ha-beas corpus filed in this court is denied; but the order of the trial court denying the appellant’s petition for writ of habeas corpus is hereby reversed with directions that an order be entered discharging the appellant from the custody of the sheriff and setting aside the final judgment of paternity and any orders predicated thereon.
CROSS, ANSTEAD and BERANEK, JJ., concur.