566 So.2d 836 (1990)
Deborah J. MISTRETTA, Appellant,
v.
Vincent MISTRETTA, Jr., Appellee.
No. 89-1702.
District Court of Appeal of Florida, Fifth District.
August 23, 1990.
Rehearing Denied September 27, 1990.
*837 William T. Charnock, III, of Carter & Charnock, Spring Hill, for appellant.
No appearance for appellee.
PETERSON, Judge.
Wife appeals the trial court's failure to award support for her son, Vincent III, who she admits is not husband's biological child. We affirm.
Vincent III was conceived during a period when the parties were separated but was born after they had reconciled. The child was one year and three months old at the time the wife filed for dissolution of the marriage. Wife attempted to have the court apply the doctrine of estoppel as applied in Wade v. Wade, 536 So.2d 1158 (Fla. 1st DCA 1988), inter alia, since the husband allowed his name to be placed on the birth certificate as the father and showed the child on his tax return as a dependent. The trial court heard testimony on the questions of whether the husband had advised the child that husband was the child's father, whether the child was even old enough to understand the parent/child relationship, and whether the husband held himself out to others as the child's father. The trial court resolved the testimony in favor of the husband, and we will not disturb this presumed correctness on appeal. Calvert Fire Insurance Co. v. Tarr, 391 So.2d 244 (Fla. 3d DCA 1980).
Although wife did not raise the issue below, she claims on appeal that the minor's due process rights were denied by the trial court's failure to appoint a guardian ad litem for Vincent III. Wife cites Brown v. Ripley, 119 So.2d 712 (Fla. 1st DCA 1960), as authority for allowing the non-appointment to be raised for the first time on appeal. The minor in Brown was not only the defendant but also the alleged father, and, because the minor was the defendant, Brown is clearly distinguishable from the instant case. Additionally, Vincent III was not a party to the action, and any interests he had in the proceedings were fully protected and urged by the wife.
Rule 1.210(b) of the Florida Rules of Civil Procedure requires appointment of a guardian for an infant not otherwise represented in an action. No requirement of appointment exists if the court is of the opinion that the interests of the minor will be fully protected throughout an action. Smith v. Langford, 255 So.2d 294 (Fla. 1st DCA 1971). The interests of a minor are fully protected when the interests of a parent who is a party are not adverse to the interests of a child. Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985). Denial *838 of due process occurs when the interests of the child may be adverse to the interests of the parent. Johns v. Dep't of Justice, 624 F.2d 522 (5th Cir.1980). The facts in the instant case indicate that the best interests of the child coincided fully with the wife's interests in obtaining payment of child support from the husband, and, thus, the child's interests were properly represented. To obtain the support payments, wife first was required to establish facts giving rise to an estoppel. Although she made an admirable effort, wife failed to establish the existence of a relationship between the child and appellee that gave rise to an estoppel.
AFFIRMED.
COBB and GOSHORN, JJ., concur.