KLEIN, Judge.
A minor who had received a substantial settlement in an automobile accident case subsequently pursued a medical malpractice case against the appellant which resulted in a defense verdict. After obtaining a judgment for attorney’s fees and costs against the minor, the appellant applied to the probate court for an order requiring payment out of the minor’s guardianship account,- which the court denied. We reverse.
The minor, Esther Rodriguez, was severely injured in an automobile accident in 1981, when she was a year old, and received emergency room medical treatment by Dr. Yount. Her accident case resulted in a settlement of approximately $2.3 million, some of which was placed in an account called a “guardian discretionary investment management account” with Northern Trust Bank of Florida. That account is managed by Colin Vames, a CPA, who was appointed guardian of her property. A court order is required for the withdrawal of funds from the account. The remainder of the settlement was structured so that she will receive monthly and periodic lump sum payments during her lifetime.
Dr. Yount had treated Esther in the emergency room after the automobile accident. Esther, through her father as guardian, brought a medical malpractice action against Dr. Yount which resulted in a defense verdict. Section 768.56, Florida Statutes (1981), provided for prevailing party attorney’s fees in malpractice actions, and Dr. Yount obtained a judgment for attorney’s fees and costs against her. Experiencing difficulty in collecting his judgment, he had a writ of garnishment issued against the Northern Trust Bank, which resisted payment in the absence of a court order.
The probate court refused to approve payment of the judgment, believing that it had *1130 the discretion to do so, relying on authorities such as Brown v. Ripley, 119 So.2d 712, 717 (Fla. 1st DCA 1960), in which the court said:
Independent of statute or rule a court of chancery has inherent jurisdiction and right to control and protect infants and their property, and enjoys a broad discretion in making orders protecting their welfare.
Neither party has cited, and our independent research does not reveal, a case from Florida or any other jurisdiction which would give a court discretion to refuse payment of a judgment under these circumstances. Nor have we found anything in our statutes or rules pertaining to guardianships which would authorize a court to refuse payment of a judgment. Although our legal system has built-in protections for infants, as well as persons with other types of disabilities, in order to insulate them from having to suffer the consequences of some types of conduct, we cannot find any which would allow courts to discriminate as to which judgments should be paid.
As we noted earlier, the probate court relied on a statement in Brown, giving the courts broad discretion to protect infants; however, the Brown court went on to state that courts “should be careful not to disturb rights which have once been properly settled.” Brown, 119 So.2d at 717. In the present case, Dr. Yount had already obtained the judgment, and it was affirmed on appeal. This appeal was taken from an order refusing enforcement of the judgment by writ of garnishment. The judgment was, we conclude, a right which had been “properly settled,” as the court contemplated in Brown.
Nor does the statute’ under which these attorney’s fees were awarded leave any doubt about whether the legislature intended it to apply to minors. Section 768.56(1), Florida Statutes (1981), which was in effect when the malpractice action was commenced in 1984, provided in part:
Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney’s fees shall not be awarded against a party who is insolvent or poverty-stricken.
Even if the statute were not clear, the fact that there are express exceptions gives rise to a strong inference that no other exceptions were intended. Biddle v. State Beverage Dep’t, 187 So.2d 65 (Fla. 4th DCA), cert. dismissed, 194 So.2d 623 (Fla.1966). Allowing a court to frustrate payment of this judgment would thus amount to a court created exception which was never intended by the legislature.
The statute did require counsel to inform clients of its provisions in writing, before initiating malpractice actions. The lawsuit in this case was brought by Esther’s father, as her natural guardian, and presumably his decision to proceed was an informed one. Although we do not relish having to impose this burden on Esther, we cannot ignore the fact that if she had prevailed in the malpractice action she would have recovered prevailing party attorney’s fees under the statute. Neither can we cast aside the rights of Dr. Yount.
We therefore reverse and remand for entry of an order compelling payment of the judgment.
GLICKSTEIN and SHAHOOD, JJ., concur.