595 So.2d 111 (1992)
Marie M. KRIETER, Trustee, Appellant,
v.
Lawton CHILES, Governor of the State of Florida; Jim Smith, Secretary of State; Bob Butterworth, Attorney General; Gerald Lewis, Comptroller; Tom Gallagher, Treasurer; Bob Crawford, Commissioner of Agriculture; and Betty Castor, Commissioner of Education, constituting the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, Appellees.
No. 91-2145.
District Court of Appeal of Florida, Third District.
February 11, 1992.
Rehearing Denied April 14, 1992.
Robert A. Routa, Tallahassee, for appellant.
John W. Costigan, Tallahassee, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
LEVY, Judge.
This case involves a dispute over the construction of a private dock on submerged land held in title by the State of Florida in its sovereignty. The parties do not dispute that title to the submerged land in question is held by the state. This submerged tidal land is held in trust, by the Trustees, for the people of the state.[1]Hayes v. Bowman, 91 So.2d 795 (Fla. 1957). When Florida became a state in 1845, it took title to these submerged lands to hold in trust for the use and benefit of all the people of Florida. See, e.g., Broward v. Mabry, 58 Fla. 398, 50 So. 826 (1909). In more recent times, the common law Public Trust Doctrine was codified in Article X, Section 11 of the Florida Constitution. This provision states that:
[t]he title to lands under navigable waters, within the boundaries of the state, which have not been alienated, including beaches below mean high water lines, is held by the state, by virtue of its sovereignty, in trust for all the people. Sale of such lands may be authorized by law, but only when in the public interest. Private use of portions of such lands may be authorized by law, but only when not contrary to the public interest.
Fla. Const. art. X, Section 11.
In 1967, Pennekamp Park was expanded to include the submerged land between its *112 1959 offshore boundary and Key Largo. This expanded territory of Pennekamp Park, like that of the older boundaries of Pennekamp Park, has always been held in title by the state in its sovereignty. This expansion of the state-created park into what is already sovereign submerged land does not change the situation that the submerged land in question has always been held in trust by the Trustees for the people of this state.
Marie M. Krieter is a trustee of the Marie M. Krieter Trust, which was created on November 15, 1989. As trustee, Krieter owns property ["Upland Property"] on Key Largo that fronts the Atlantic Ocean. The property contains 100 feet of ocean frontage. Approximately 220 yards from the Atlantic Ocean is an access road to the property. A resident of the upland property, Robert Krieter, submitted an application, on May 19, 1988, to the Florida Department of Environmental Regulation ["D.E.R."] for the construction of a private single family dock on the property. D.E.R. reviewed the application and forwarded it to the Trustees as required by Rule 17-312.060, Florida Administrative Code.
In their letter dated December 18, 1990, the Trustees denied Krieter's request for consent of use. The Trustees stated that they adopted a policy, on April 12, 1990, that no future authorizations would be granted to construct any new private docks in the waters of Pennekamp Park. Marie Krieter brought suit, as trustee of the Marie M. Krieter Trust, against the Trustees and alleged a taking of private property without compensation. The appellant's allegations were brought under the provisions of Section 253.763, Florida Statutes (1989), and the Constitutions of the United States and the State of Florida. The Trustees moved to dismiss the complaint for failure to state a cause of action. In its July 19, 1991, Order of Dismissal, the trial court dismissed the action giving the appellant 20 days to file an amended complaint. The appellant did not file an amended complaint and the trial court entered its Final Order of Dismissal, with prejudice, on August 19, 1991.
The appellant's upland property carries with it certain riparian rights. Game and Fresh Water Fish Commission v. Lake Islands, Ltd., 407 So.2d 189, 191 (Fla. 1981). Although the riparian right of ingress and egress is an appurtenance to the ownership of private upland property, Hayes, 91 So.2d at 799, it is a qualified right which must give way to the rights of the state's people. Game and Fresh Water Fish Commission, 407 So.2d at 191 (quoting Ferry Pass Inspectors' & Shippers' Ass'n v. White's River Inspectors' & Shippers' Ass'n, 57 Fla. 399, 48 So. 643 (1909)). As a riparian owner, the appellant argues that the expansion of Pennekamp Park, and the Trustees' subsequent denial of her request for a consent of use to build a dock, denies her the right of ingress and egress, by wharfing out, from her upland property. The appellant argues this is a taking by the state for which she is entitled to compensation. We disagree.
Among other principles, the Public Trust Doctrine dictates that there be some impairment of a citizen's right to enjoy absolute freedom before allowing a citizen the use of public submerged land. Game and Fresh Water Fish Commission, 407 So.2d 189; Sarasota County Anglers Club, Inc. v. Burns, 193 So.2d 691 (Fla. 1st DCA 1967). The appellant made no showing in the record of necessity or that ingress or egress to her property by means of water is the only method thereof. As she alleged in her complaint, her property is bounded on one side by a public road on which she can travel to and from her property. Ingress and egress by water, therefore, is not a necessity for which the appellant may claim a right superior to that of the public.
As a riparian owner, the appellant has no title, of any nature, to the sovereign lands that are held in trust by the Trustees for the people of Florida. Graham v. Edwards, 472 So.2d 803, 806 (3d DCA 1985), rev. denied 482 So.2d 348 (Fla. 1986). The Trustees have the authority to preclude the construction of private docks when it is in the public interest to do so. Graham, 472 So.2d at 807. This case is not a question of *113 an expanding state marine park that encroaches upon the rights of a riparian owner. The appellant's riparian rights were subject to the state's ownership of the sovereign submerged lands long before Pennekamp Park was expanded to the shores of Key Largo. The appellant does not have the right to wharf out for purposes of ingress and egress. Ingress and egress is available from the property by land-based routes. Only in the absence of this modern-day alternative could the appellant argue a necessity of ingress and egress. In the absence of such a necessity, the appellant's riparian rights are subject to the public's interests.
Affirmed.
NOTES
[1] For a historical analysis of the Public Trust Doctrine's common law development in Florida, see State v. Black River Phosphate Co., 32 Fla. 82, 13 So. 640 (1893); Broward v. Mabry, 58 Fla. 398, 50 So. 826 (1909); Hayes v. Bowman, 91 So.2d 795 (Fla. 1957).