721 So.2d 317 (1998)
BOARD OF CLINICAL LABORATORY PERSONNEL, Appellant,
v.
FLORIDA ASSOCIATION OF BLOOD BANKS, etc., Appellee.
No. 97-1540.
District Court of Appeal of Florida, First District.
August 3, 1998.
Rehearing Denied December 4, 1998.
*318 Robert A. Butterworth, Attorney General, and Edwin A. Bayo, Assistant Attorney General, Tallahassee, for Appellant.
Thomas J. Guilday and Vikki R. Shirley of Huey, Guilday & Tucker, P.A., Tallahassee, for Appellee.
BOOTH, Judge.
This cause is before us on appeal from the order of the administrative law judge (ALJ) invalidating Appellant's proposed rules[1] regarding licensure requirements for laboratory employees performing blood banking tests. The ALJ invalidated the proposed rules on the grounds that Appellant did not prove the rules' validity by a preponderance of the evidence; that Appellant exceeded the enabling statute in issuing the proposed rules; that the proposed rules exceeded federal licensure requirements; and that the proposed rules improperly eliminated the "blood banking" licensing specialty. We reverse.
Florida Statutes section 120.56(2)(c) provides that in a rule challenge proceeding, the proposed rule "is not presumed to be valid or invalid." Once a party files objections to a proposed rule, however, the agency "has the burden to prove that the proposed rule is not an invalid exercise of delegated legislative authority as to the objections raised." § 120.56(2)(a), Fla. Stat. A proposed rule may be held invalid on a number of grounds, including that the agency has exceeded its rulemaking authority, that the proposed rule is arbitrary or capricious, or not supported by competent, substantial evidence. § 120.52(8), Fla. Stat. An "arbitrary" decision is one not supported by facts or logic. A "capricious" action is one taken irrationally, without thought or reason. Board of Trustees, Internal Improvement Trust Fund v. Levy, 656 So.2d 1359, 1362 (Fla. 1st DCA 1995). On appeal, the district court should affirm the hearing officer's determination as to the rule's validity if the factual findings are supported by competent, substantial evidence and the legal determinations are not contrary to law. § 120.68(7)(b), (d), Fla. Stat.
In the instant case, the order of the ALJ states: "Section 120.56(2), Florida Statutes,... requires the agency to establish by a preponderance of the evidence that the proposed rules satisfy [section 120.52(8) ]," and further states that Appellant "has not established by a preponderance of the evidence the proposed rules' validity." However, proof "by a preponderance of the evidence" is not required in Florida Statutes section 120.52(8), and the ALJ erred in imposing that burden on the agency.
Nor does it appear that the rules are inconsistent with the enabling legislation. Florida Statutes section 483.811(2) authorizes Appellant to establish "rules for training programs, including, but not limited to, rules relating to curriculum, educational objectives, evaluation procedures, personnel licensure requirements, preentry educational requirements, and length of clinical training." Florida *319 Statutes section 483.823(1) provides that the agency "shall prescribe minimal qualifications for clinical laboratory personnel and shall issue a license to any person who meets the minimal qualifications and who demonstrates that she or he possesses the character, training, and ability to qualify in those areas for which the license is sought." While the enabling statutes authorize Appellant to establish educational and training requirements for licensure, the Legislature conspicuously did not prohibit the agency from setting more rigorous requirements than those set by federal law. Thus, even if the proposed rules exceed federal licensure requirements, Appellant has not violated the Florida enabling statutes.[2]
The proposed rules increase the former state licensure requirements to meet increased federal standards. The ALJ recognized, and the parties do not dispute, that Florida laboratory licensure requirements must satisfy the federal Clinical Laboratory Improvements Amendments of 1988 and regulations implemented thereunder.
Current Florida licensure requirements for clinical laboratory "technicians" conducting "high complexity" testing involving chemistry, serology, hematology, and immunohematology for blood banking purposes, need only have graduated high school and have completed 400 hours/three months' total training in the "blood banking" specialty. Rule 59O-5.004(1)(c),(2)(b), Fla. Admin. Code. As of September 1, 1997, however, federal regulations promulgated under the Clinical Laboratory Improvements Amendments of 1988 require that all new personnel seeking licensure to perform "high complexity" testing have "earned an associates degree in laboratory science, or medical laboratory technology" or have "60 semester hours" including various lab and natural science requirements and "laboratory training" approved by certain accrediting bodies, or at "least 3 months documented laboratory training in each specialty in which the individual performs high complexity testing." 42 C.F.R. § 493.1489. As Florida licensure requirements must, at a minimum, satisfy federal licensure requirements, the ALJ erred in holding that the proposed rules, adopted to meet the minimum federal requirements, are invalid as arbitrary, capricious, or unsupported by the evidence.
Current Florida rules define the "blood banking" specialty as various facets of immunohematology, and processes and principles concerning serology, chemistry, and hematology that are associated with blood product testing and processing. See Rule 590-3.003(4)(e)9, Fla. Admin. Code. The Code of Federal Regulations, however, treats chemistry, serology, hematology, and immunohematology each as a specialty in its own right. See, e.g., 42 C.F.R. §§ 493.835, 493.839, 493.849, 493.857 (serology, chemistry, hematology, and immunohematology, respectively). Federal regulations do not provide for the specialty of "blood banking." 42 C.F.R. §§ 493.821-493.865. Florida's "blood banking" specialty in effect combines various specialties. Under federal law, each of these specialties has its own licensure requirements. Florida's current blood banking specialty is inconsistent with the federal licensure requirements, therefore, the agency's action in eliminating that specialty is not arbitrary or capricious.
We hold that the proposed rules are valid. Accordingly, the order below is REVERSED.
ERVIN and PADOVANO, JJ., concur.
NOTES
[1] Proposed rules 590-3.001(6)(1), 590-3.003(2)(a), 590-5.003(1)(c), (g), 590-5.004(3), 590-7.001, Florida Administrative Code.
[2] The limitation urged by Appellant here is expressly imposed on the so-called "exclusive use laboratories" under section 483.035, which does not include blood banks, thereby further supporting the view that the Legislature did not intend that limitation as to laboratories such as blood banks. See Yount v. Varnes, 691 So.2d 1129, 1130 (Fla. 4th DCA 1997).