718 So.2d 869 (1998)
AGENCY FOR HEALTH CARE ADMINISTRATION, BOARD OF CLINICAL LABORATORY PERSONNEL, Appellant,
v.
FLORIDA COALITION OF PROFESSIONAL LABORATORY ORGANIZATIONS, INC.; American Association for Clinical Chemistry, Florida Section; American Society of Clinical Pathologists, Associate Member Section; Clinical Laboratory Management Association, Greater Florida Chapters; Florida Association of Medical Technology; Florida Society for Clinical Laboratory Science; Florida Society of Histotechnology; Florida Society for Medical Technology; Florida State Society of American Medical Technologists; Florida State Society of Cytology; Northwest Florida Laboratory Association; Professional Association of Laboratory Medicine, Appellees, and
Florida Association of Blood Banks, Inc., Intervenor.
No. 97-4367.
District Court of Appeal of Florida, First District.
September 4, 1998.
Rehearing Denied October 2, 1998.
*870 Robert A. Butterworth, Attorney General, Edwin A. Bayo, Assistant Attorney General, Tallahassee, for Appellant.
Sandra E. Allen, Tallahassee, for Appellees.
Thomas J. Guilday and Vikki R. Shirley of Huey, Guilday & Tucker, P.A., Tallahassee, for Intervenor.
ERVIN, Judge.
Appellant, Agency for Health Care Administration, Board of Clinical Laboratory Personnel (Board), challenges a final administrative order invalidating its proposed rules regarding licensure requirements for clinical laboratory employees.[1] In invalidating the rules, the administrative law judge (ALJ) assigned an incorrect burden of proof to the Board and applied incorrect rulemaking requirements to its actions. We conclude that the rules are valid and reverse.
Laboratory personnel in this state, including laboratory technicians, are regulated by the Board, pursuant to chapter 483, Florida Statutes, and chapter 64B3, formerly chapter 590, of the Florida Administrative Code. When the Board was created in 1992, it inherited from the Department of Health and Rehabilitative Services a set of rules for licensure and discipline of laboratory personnel which included a "general" licensing provision for laboratory technicians. In 1995, the Board adopted rule changes that abandoned the general licensure requirement in favor of "specialty" licenses. Less than a year later, the Board decided to revise its laboratory personnel rules again, including a return to a general license procedure for technicians. Following publication of the Board's proposed rules, appellee Florida Coalition of Professional Laboratory Organizations, Inc. (Coalition), and eleven of its member organizations filed a rule challenge pursuant to section 120.54(4), Florida Statutes (1995), based on their belief that the proposed rules would weaken the standards for licensing.[2]
Following a lengthy hearing, the ALJ issued an order finding that the Board had not conformed with proper rulemaking procedures and had not satisfied its burden of proof justifying a change in the rules. In the latter regard, the ALJ commented:
It is presumed that the existing rules are valid. The Board offered no persuasive, preponderant evidence that the existing rules were arbitrary, capricious or based upon flawed rationale or differing circumstances, when they were adopted in December of 1995. In now proposing repeal of those same rules and adoption of new rules without any change in the organic statutory authority or other preponderantly proven changes in circumstances, the agency was required to provide some persuasive, preponderant rationale justifying elimination of the presumed valid existing provisions. The Board offered no evidence of studies, data, scientific papers or significant anecdotal evidence to support its changes. The Board failed to establish that the existing rules are arbitrary, capricious or without logic or reason. Moreover, *871 it offered no credible explanation as to why the existing rules should be repealed or replaced with a new and contrary regulatory scheme.
(Emphasis added.)
We agree with appellant that the 1996 amendments to the Administrative Procedure Act (APA), chapter 120, Florida Statutes, have placed on the agency "the ultimate burden of persuasion to show that the proposed rule is a valid exercise of delegated legislative authority." St. Johns River Water Management Dist. v. Consolidated-Tomoka Land Co., 717 So.2d 72, 77 (Fla. 1st DCA 1998). We find nothing in the 1996 revisions, however, requiring an agency, once it seeks to repeal or amend its existing rules, to prove that the existing rules are arbitrary or capricious, or to furnish a sufficiently reasonable explanation for the repeal or amendment of same.[3] This conclusion is made evident by an examination of relevant provisions of the APA relating to rule invalidation.
Rules may be abolished if they are found to constitute an "invalid exercise of delegated legislative authority." Section 120.52(8), Florida Statutes (Supp.1996), defines that term as an "action that goes beyond the powers, functions, and duties delegated by the Legislature." Subsection (8) enumerates the following seven circumstances in which a proposed or existing rule constitutes an invalid exercise of delegated legislative authority:
(a) The agency has materially failed to follow the applicable rulemaking procedures or requirements set forth in this chapter;
(b) The agency has exceeded its grant of rulemaking authority, citation to which is required by s. 120.54(3)(a)1.;
(c) The rule enlarges, modifies, or contravenes the specific provisions of law implemented, citation to which is required by s. 120.54(3)(a)1.;
(d) The rule is vague, fails to establish adequate standards for agency decisions, or vests unbridled discretion in the agency;
(e) The rule is arbitrary or capricious;
(f) The rule is not supported by competent substantial evidence; or
(g) The rule imposes regulatory costs on the regulated person, county, or city which could be reduced by the adoption of less costly alternatives that substantially accomplish the statutory objectives.
An agency's authority is further limited by the concluding paragraph to section 120.52(8), which provides in part:
An agency may adopt only rules that implement, interpret, or make specific the particular powers and duties granted by the enabling statute.... Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than the particular powers and duties conferred by the same statute.
It is clear that the above provisions relate solely to the rule or rules that are actually subject to a challenge. It is equally clear that both proposed and existing rules may be challenged. See § 120.56(1)(a), Fla. Stat. (Supp.1996). Here, the Coalition challenged only the proposed rules; it did not challenge the existing rules. Thus, the Board's ultimate burden of persuasion was to show that the proposed rules were valid; it was not required to make any showing regarding the existing, unchallenged rules.
In our opinion, the primary means for examining the validity of a ruleexisting or proposedcontinues to be whether the contested rule falls within the "particular powers and duties granted by the enabling statute." § 120.52(8), Fla. Stat. (Supp.1996). We find nothing in the 1996 amendments or, indeed, the entire APA, requiring an agency, in exercising its quasi legislative/administrative rulemaking function, to prove that its existing, unchallenged rule was unwisely, capriciously *872 or arbitrarily adopted, or to offer an explanation of necessity for the repeal or amendment thereof. Such obligations have never been imposed upon the legislature when exercising its powers of repeal as to statutes.
In our judgment, the right of an agency to change its mind for any reason, so long as its decision comports with chapter 120 processes, remains unaffected by the recent amendments. The reason for this is clear: to permit administrators the right to make deliberative, substantive decisions which have been legislatively committed to them. As this court once observed:
Recently that most pilloried of all bureaucracies, the Department of Health and Rehabilitative Services, demonstrated its capability to change its mind on an important question of statutory construction because of evidence and arguments brought forward by APA processes. Any court could have answered the question for HRS as a matter of law; but no court could have achieved with that result the added dignity, self-reliance and sensitivity that accrued to HRS as a result of making the decision itself.
Key Haven Associated Enters., Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66, 73 (Fla. 1st DCA 1981) (footnote omitted), approved in part and disapproved in part, 427 So.2d 153 (Fla. 1982).[4]
In the instant case, the ALJ did not find that the proposed rules exceeded the particular powers delegated the agency by the enabling legislation. Indeed, he could not so find. This court in Board of Clinical Laboratory Personnel v. Florida Ass'n of Blood Banks, No. 97-1540 (Fla. 1st DCA Aug. 3, 1998), extensively reviewed the proposed rules there, many of which overlap those challenged below, and, after comparing them with the laws they were designed to implement, concluded that they did not exceed the scope of the powers conferred. Among other things, we pointed out that section 483.811(2), Florida Statutes (1995), authorizes the Board to establish "rules for training programs, including ... personnel licensure requirements." Additionally, section 483.823(1), Florida Statutes (1995), permits the Board to "prescribe minimal qualifications for clinical laboratory personnel and shall issue a license to any person who meets the minimum qualifications." Clearly, the changes effected by the proposed rules for the licensing of such personnel fall "within the range of powers the Legislature has granted to the agency for the purpose of enforcing or implementing the statutes within its jurisdiction." St. Johns River Water Management Dist. v. Consolidated-Tomoka Land Co., 717 So.2d 72, 80 (Fla. 1st DCA 1998).
As an alternative reason for invalidation, the ALJ concluded that the Board failed to follow rulemaking procedures required by section 120.53(1)(d), Florida Statutes (1995),[5] by not timely publishing an amended agenda for the March 1996 Board meeting. We have uncovered no authority, nor have appellees cited any, revealing that an agency's failure to publish an agenda of its rule-development meetings preliminary to a notice of formal rulemaking constitutes a material failure to follow rulemaking procedures, thereby requiring invalidation of a proposed or adopted rule.
The only compulsory notice procedure in the 1995 rulemaking statute is found in section 120.54(1), Florida Statutes, which states that the "agency shall give notice of its intended action" before rule adoption, amendment or repeal. Published notification of the *873 proposed rules was given on August 23, 1996. Although an "agency may provide notice of the development of proposed rules by publication of a notice of rule development," by the very terms of the statute, this type of notice is obviously discretionary. § 120.54(1)(c), Fla. Stat. (1995) (emphasis added). Thus, under the procedure in effect at the time of both the August notice of the proposed rules and the subsequently filed September 13, 1996, petition to challenge, the Board had followed the only mandatory notice requirement, and it was under no legal obligation to provide notice of intended rule development.
It is true that section 120.54(2)(a) was amended October 1, 1996, mandating agencies to publish notice of rule development. We cannot fathom, however, that the 1996 amendment can be reasonably construed to give retroactive application of a new notice procedure to an earlier notice requirement with which the parties had already complied before the effective date of the amendment.[6]
Even if the amendment requiring notice of rule development could somehow be envisioned to apply to the proceeding below, the agency's failure to furnish notice of the Board's agenda is, at most, harmless error. Before the August 1996 publication of the proposed rules, the Board had conducted two developmental meetings, both of which the Coalition had received actual notice. Obviously, the affected party's receipt of actual notice obviates an agency's need to comply with the statute's directive to provide published notice. Cf. Stuart Yacht Club & Marina v. Department of Natural Resources, 625 So.2d 1263 (Fla. 4th DCA 1993) (failure of agency to give requisite statutory notice of a proposed rule to a party was harmless when the party had indirectly received actual notice of the intended action).
For the above reasons, we hold that all of the rules the Board proposed are a valid exercise of delegated legislative authority, and, because no competent, substantial evidence supports a contrary decision, we conclude that the Board could properly revise its rules pertaining to the licensing and testing of clinical laboratory personnel.
REVERSED.
PADOVANO, J., concurs.
BENTON, J., concurs with written opinion.
BENTON, Judge, concurring.
I agree that the decisions in Board of Clinical Laboratory Personnel v. Florida Ass'n of Blood Banks, 23 Fla. L. Weekly D1851, ___ So.2d ___, 1998 WL 432490 (Fla. 1st DCA Aug.3, 1998), and St. Johns River Water Management Dist. v. Consolidated-Tomoka Land Co., 717 So.2d 72 (Fla. 1st DCA 1998), require reversal.
NOTES
[1] Board of Clinical Laboratory Personnel v. Florida Ass'n of Blood Banks, 23 Fla. L. Weekly D1851, ___ So.2d ___ (Fla. 1st DCA Aug.3, 1998), is a similar appeal.
[2] The Florida Association of Blood Banks was later permitted to intervene and has adopted the arguments advanced in the Coalition's answer brief.
[3] As he had in Board of Clinical Laboratory Personnel v. Florida Ass'n of Blood Banks, No. 97-1540, ___ So.2d ___, 1998 WL 432490 (Fla. 1st DCA Aug. 3, 1998), the ALJ below erroneously applied the preponderance-of-the-evidence standard in reaching his decision to invalidate the proposed rules, when the only evidentiary burden statutorily required is that of competent, substantial evidence. See § 120.52(8)(f), Fla. Stat. (Supp.1996).
[4] The quoted textual material from Key Haven refers to Rice v. Department of Health & Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980), a case which arose from an administrative/judicial setting, rather than from a rule challenge; nevertheless, we believe that the deference owed an agency applies in each proceeding. See State Department of Health & Rehab. Servs. v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981).
[5] This subsection provides in part that "an agenda shall be prepared by the agency in time to ensure that a copy of the agenda may be received at least 7 days before the event by any person in the state who requests a copy and who pays the reasonable cost of the copy." This provision was transferred by the 1996 amendments to section 120.525(2). Nothing in the record shows that members of the Coalition had requested a copy of the agenda before the scheduled meeting.
[6] The ALJ concluded that the amended provisions of section 120.56(2), Florida Statutes (Supp.1996), placing the ultimate burden of persuasion on the agency, were procedural and would be applied retroactively to a rule challenge petition filed prior to the amendment's effective date, although the hearing was not conducted until after that effective date. His order was silent, however, concerning whether the revised notice provisions of the statute should similarly be accorded retroactive application.