ALLEN, J.
The Board of Podiatric Medicine (the Board) appeals an order by which an administrative law judge declared a proposed rule to be an invalid exercise of delegated legislative authority. We conclude that the proposed rule is within the ambit of the Board’s rulemaking authority, and that it accords with the provisions of law being implemented. We further conclude that the proposed rule is supported by an adequate evidentiary foundation and is neither arbitrary nor capricious, so as to be a proper exercise of the Board’s delegated legislative authority.
The appellee initiated a section 120.56, Florida Statutes, rule challenge proceeding contesting the validity of the Board’s proposed rule 64B18-23.001, which provides definitions pertaining to the standards and scope of podiatric practice. The proposed rule defines the terms “human leg” and “surgical treatment” as used in section 461.003(3), Florida Statutes (1997) *, and purports to implement that law under the specific authority granted the Board by section 461.005, Florida Statutes.
The Board’s rulemaking authority under section 461.005 encompasses the implementation of the provisions by which chapter 461 confers duties upon the Board. Those duties include matters which require the Board’s assessment as to the lawful scope of podiatric practice. E.g. § 461.013(l)(u), Fla. Stat. The Board’s proposed rule is thus within the section 461.005 grant of rulemaking authority, insofar as the rule provides a permissible explication and definition of the statutory terminology used in section 461.003 to describe the practice of podiatric medicine.
*660 Section 461.003(3), Florida Statutes (1997), provides that, as used in chapter 461:
“Practice of podiatric medicine” means the diagnosis or medical, surgical, palliative, and mechanical treatment of ailments of the human foot and leg. The surgical treatment of ailments of the human foot and leg shall be limited anatomically to that part below the anterior tibial tubercle. The practice of podiatric medicine shall include the amputation of the toes or other parts of the foot but shall not include the amputation of the foot or leg in its entirety....
The Board’s proposed rule would implement this statutory provision under a rule heading which refers to “Standards and Scope of Practice,” with definitions providing that:
(1) The term “human leg,” as used in s.461.003(3), Florida Statutes, means the entire lower extremity, extending from the head of the femur to the foot, but does not include the hip joint.
(2) The term “surgical treatment,” as used in s.461.003(3), Florida Statutes, means a distinctly operative kind of treatment, such as a cutting operation. As such, injections, x-rays, and other medical, palliative, and mechanical diagnostic techniques and treatments are not surgery.
Several experts in various disciplines testified at the rule challenge hearing, and documentary materials were also presented. This evidence indicates that references to the human leg may have multiple meanings within the anatomic, medical, and podiatric fields. While a limited meaning is sometimes ascribed to the leg as referring to that portion of the lower limb between the knee and the ankle, a broader meaning is also ascribed whereby the term refers to the entire limb so as to encompass the lower leg below the knee and the upper leg above the knee. The administrative law judge accorded the statutory terminology only the more limited meaning, and reasoned that the challenged rule therefore expanded the scope of podiatric practice which was legislatively established under section 416.003(3). However, this ignores the evidence as to a broader meaning which is consistent with the definition in the proposed rule, and the statute does not suggest that a more limited meaning would pertain. In light of the broad discretion and deference which is accoi’ded an agency in the interpretation of a statute which it administers, Public Employees Relations Commission v. Dade County Police Benevolent Association, 467 So.2d 987 (Fla.1985), and because such an interpretation should be upheld when it is within the range of permissible interpretations, Board of Trustees of Internal Improvement Trust Fund v. Levy, 656 So.2d 1359 (Fla. 1st DCA 1995), the judge should not have rejected the Board’s definition of the term “human leg” as used in section 461.003(3), and as provided in rule 64B18-23.001. This definition does not enlarge, modify, or contravene the statute, and is neither arbitrary nor capricious, and is fully supported by competent substantial evidence so as to be a proper exercise of the Board’s delegated legislative authority.
The proposed rule also defines surgical treatment in a manner which comports with the evidence presented at the hearing, and which is consistent with the section 461.003(3) use of that terminology. The further explication by which the rule indicates that certain other specified techniques and treatments are not surgery is properly construed as referring to those techniques and treatments when they do not involve distinctly operative procedures such as cutting operations. As thus construed, the definition of surgical treatment is likewise a proper exercise of the Board’s delegated authority.
The appealed order is reversed.
BARFIELD, C.J., and MINER, J., concur.

The provisions of section 461.003(3), Fla. Stat. (1997), are now codified at section 461.003(5) in the current version of the Florida Statutes.